No. 28,279.

ARTHUR G. LAWRENCE, *Appellee*, v. CHARLES BUNN et al., *Defendants;* FRANCES BUNN, *Appellant.*

(272 Pac. 121.)

Opinion filed December 8, 1928.

A. L. Billings, of Independence, for the appellant.

Charles D. Welch, of Coffeyville, and Thurman Hill, of Independence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover $5,079.30, the amount claimed to be owing to him from the defendants as the result of certain partnership transactions in buying and selling live stock. Judgment was rendered in favor of the plaintiff for $1,461.35 and costs. Frances Bunn, one of the defendants, appeals.

The petition alleged—

"2. That prior to October 1, 1924, and up to and including the time of the filing of this petition the plaintiff and defendants were partners engaged in the business of buying and selling live stock with their principal place of business at Independence, Kan.

"3. The plaintiff alleges that on or about October 1, 1924, that plaintiff entered into an oral agreement with the defendants whereby he was to furnish his time, work and labor in buying live stock and helping take care of them and selling them, and the defendants agreed on their part that they would furnish necessary money to buy said live stock and would assist in taking care and feeding said stock and help sell said stock, and that the net profits, after all expenses were paid, should be divided equally between the plaintiff and the defendants."

Responding to those allegations of the petition, the joint answer to the defendants contained the following:

"Said defendants jointly and severally admit . . . that on or about October 1, 1924, plaintiff and defendants entered into a certain partnership arrangement, substantially as alleged and set forth in paragraph three of plaintiff's petition, whereby they as such engaged in the business of buying and selling live stock, and that their principal place of business was at Independence, Kan."

The answer further alleged that the plaintiff was indebted to the

·defendants as a result of the partnership transactions, asked for an accounting and asked that the defendants recover from the plaintiff what might be found to be due to the defendants. Sullivan Lomax, of Cherryvale, was appointed referee to hear the evidence, try the action, and make his report to the district court. The referee made the following findings of fact, among others:

"1. Sometime prior to October 1, 1924, the plaintiff, the defendant, C. Bunn, and one Fred Stover were doing business in Montgomery county, Kansas, as partners, it being a three-way partnership.

"2. On October 1, 1924, this partnership of Bunn, Stover & Lawrence was ·dissolved and wound up, and it was found that the plaintiff, Lawrence, was indebted to the defendant, Bunn, for the sum of $550.

"3. On October 1, 1924, a new partnership was formed by the plaintiff and the defendants, C. Bunn and Mrs. C. Bunn. It was an oral arrangement by which the Bunns agreed to furnish all the necessary working capital, and Lawrence was to do all the work of managing and conducting business, which was that of buying and selling live stock, and to devote his entire time thereto. Lawrence was to receive one-half of all the profits and the Bunns the other half."

The referee made conclusions of law, the fifth one of which was as follows:

"The plaintiff is entitled to have judgment in his favor against the defendants and each of them for the sum of $1,461.35, one thousand four hundred and sixty-one dollars, 35-100."

When the referee made known to the parties his tentative findings of fact and conclusions of law, Frances Bunn openly protested that she was not a partner with plaintiff and Charles Bunn, her husband, and that there was no evidence which tended to prove that she was such a partner. She afterwards filed verified exceptions to the report of the referee in which she again stated that she was not a partner of the other two parties to the action; that there was no evidence tending to prove she had been a partner; that her attorneys, without her knowledge or consent, had in the answer admitted she was a partner ·with Arthur G. Lawrence and Charles Bunn; that she had no knowledge such an allegation was contained in the answer until the referee made known his tentative findings of fact and conclusions of .law; that she never admitted the partnership; and that the allegation had been fraudulently inserted in the answer.

The judgment, entered December 3, 1927, on the exceptions taken and on a motion to set aside and modify the report of the referee, recited:

"That the affidavit of Frances Bunn is untrue; that the defendant, Frances Bunn, at the time her answer was filed herein, knew that the plaintiff claimed .and was claiming that he and the defendants, Frances Bunn and C. Bunn, were partners in the transaction in controversy in this action, and that prior to the answer of the defendants, Frances and C. Bunn, being filed herein, the .defendant, Frances Bunn, advised her attorney, S. H. Piper, that she was a partner of the said A. G. Lawrence, together with her husband, C. Bunn; that there was no fraud committed nor practiced by anyone connected with this .action, upon the defendant, Frances Bunn, and that the exceptions of the defendant, Frances Bunn, and her motion for a modification of the report of ·the referee should be overruled."

The motion was denied and the exceptions were overruled.

Afterward, on December 6, 1927, Frances Bunn filed her motion for a new trial, in which she again raised the question of her partner-;ship with the plaintiff and her codefendant. Affidavits were introduced by her which tended to prove that she was not a partner ¬with the other two persons named, and that she had not told her .attorneys who had prepared the answer that she was such a partner. Her attorneys were examined and cross-examined in open court on the hearing of that motion. One of them, the one who prepared the :answer, stated positively that Frances Bunn had told him that she ¬was a partner with the plaintiff and her codefendant in purchasing :and selling live stock. The motion for a new trial was denied.

On December 14, 1927, she ·filed a motion for leave to file an amended answer, which was overruled on January 7, 1928, the ·court making the following finding:

"Thereupon, in support of said motion, the said Frances Bunn introduced ·the affidavits of Geo. T. Guernsey, J. N. Masters, C. Bunn, Frances Bunn, .J. F. Sanford, J. W. Moss, Alford B. Prescott, Lester Prescott, Georgia Prescott, Fred Stover, Art Cole, and Nancy Gibson, to the introduction of such parts ·of said affidavits as were conclusions and opinions of the witnesses, the plaintiff objected, which objection was by the court sustained, and the court, after having considered said motion and the evidence offered by the defendant, Frances Bunn, in support thereof, and the argument of counsel thereon, and ˙being fully advised in the premises, finds that said motion for leave to file .an amended answer should be overruled."

The complaint of Frances Bunn is chiefly that there was no evi-·dence to show that she was a partner. In response to that complaint ·the plaintiff has filed a partial abstract of a few pages of the tran-·script. That partial abstract shows a portion of the testimony of ¢the plaintiff, Arthur G. Lawrence, as follows:

"Q. Are you acquainted with Charles Bunn and Frances Bunn, his wife? A. Yes, sir.

"Q. How long have you known them? A. Since about 1914 or 1915, possibly 1915.

"Q. Have you been engaged in any business with these parties since October, 1924? A. Yes, sir.

"Q. What has been the nature of that business? A. Partnership business in live stock; handling, buying and selling live stock.

"Q. Now October 1, then, 1924, you began the arrangement you have worked under since that time? A. Yes, sir.

"Q. We have set out in the petition and it is admitted in the answer that this partnership existed and we have stated in there that your arrangements were that you were to buy the live stock and take care of it, and sell it, and that Mr. Bunn was to furnish the money and that you two were to split the profits, was that the arrangement? A. Yes, sir."

The trial court did not believe Mrs. Bunn when she stated that she was not a partner of the plaintiff and her husband, and that she had not so informed her attorneys when the answer was prepared. The defendants were claiming a large sum of money from the plaintiff as the result of the partnership transaction. The evidence showed that the defendants, husband and wife, were having domestic difficulty and that a separation was contemplated. If a judgment should have been obtained in favor of the defendants, Mrs. Bunn would have been interested therein and would have been entitled to receive a part of it. When the judgment went the other way, she was interested in escaping liability thereunder. The issues presented by the exceptions to the report of the referee, the motion to modify that report, and the issues of fact presented by the motion for a new trial were for the determination of the trial court on the evidence. That court determined those issues on evidence which supported the conclusions reached, and those conclusions are binding in this court.

The judgment is affirmed.